Alice **LEACH** and Carmen Irons, Plaintiffs,

v.

**PAN AMERICAN WORLD AIRWAYS, INC., et al., Defendants.**

No. 86–0950–Civ.

United States District Court, S.D. Florida.

Nov. 26, 1986.

Alan E. Dubow, J. Bruce Hoffman, Dubow, Hoffman & Farkas, Coral Gables, Fla., for plaintiffs.

Robert A. Sugarman, Sugarman & Susskind, P.A., Miami, Fla., for Local 769.

Thomas J. Pilacek, Pilacek & Cohen, Orlando, Fla., for other defendants.

Patricia Langer, Richard Schoolman, Andrew M. Upton, Pan Am Legal Dept., New York City, and Joseph Z. Fleming, P.A., Miami, Fla., for Pan American Airways.

## OMNIBUS ORDER AND MEMORANDUM OPINION

ATKINS, Senior District Judge.

This cause is before the court on a panoply of motions. I have reviewed these motions, the corresponding memoranda, and the record in this action; therefore, it is

ORDERED AND ADJUDGED as follows:

1. Georgia-Florida Conference of Teamsters' ("Conference") motion for judgment on the pleadings and Teamster's Local Union No. 769's ("Local") motion to dismiss based upon the statute of limitations are DENIED.

2. Local's motion to dismiss Count III of the complaint is GRANTED.

3. Local's motion to strike plaintiffs' demand for jury trial is DENIED.

4. Conference's motion to dismiss for failure to allege the prerequisites for federal jurisdiction is DENIED.

5. Local's motion to strike plaintiffs' demand for punitive damages is GRANTED.

6. Conference's motion for judgment on the pleadings for failure to state a claim upon which relief may be granted is DENIED.

7. Conference's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is DENIED.

## I. STATEMENT OF THE CASE

### A. Procedural Posture

Plaintiffs, Alice Leach ("Leach") and Carmen Irons ("Irons"), filed a complaint

for breach of duty of fair representation on May 2, 1986. Plaintiffs then served defendants with the complaint on May 5, 1986. Defendants countered by filing a multitude of motions attacking the complaint. In response, this court allowed plaintiffs to file an amended complaint. In turn, defendants were permitted to file supplemental briefs regarding their original motions.

Local asserts that:

(1) the action is barred by the statute of limitations;

(2) Count III of the complaint is preempted by federal law;

(3) there is no right to a jury trial in an action for breach of duty of fair representation; and

(4) punitive damages are not allowed in a suit for breach of duty of fair representation.

In addition, Conference argues that:

(1) the action is barred by the statute of limitations;

(2) the complaint fails to state a claim against them;

(3) plaintiffs have failed to allege the jurisdictional prerequisites; and

(4) they are entitled to costs and attorney's fees under Rule 11 of the Federal Rules of Civil Procedure.

### B. *The Facts*

The facts of this case, taken in the light most favorable to the plaintiffs, are as follows:

Plaintiffs worked for Pan American World Airways, Inc. ("Pan Am") in the Southern District of Florida. On June 10, 1983, Irons filed a handicapped discrimination complaint with the U.S. Department of Labor. A short time later, Leach filed a similar complaint. Both women were found to be handicapped.

On July 22, 1983, Irons wrote to Local demanding that a grievance be filed on her behalf. She wrote again on August 3, 1983, so Local sent her a grievance form. She completed it and returned it on August 19, 1983. Then she wrote to Local on October 16, 1983, telling Local how she wanted her grievance presented.

On October 28, 1983, the Local presented Iron's grievance to the System Board of Adjustment; however, Irons contends that Local did not present her grievance in the manner in which she requested. Irons also states that Local failed to inform her of their decision to proceed in a different manner. Ultimately, the Systems Board deadlocked, and scheduled a hearing before a neutral arbitrator or on April 30, 1984.

Prior to the arbitration hearing, Local and Pan Am decided to present Leach's grievance along with Irons. Therefore, they required Leach to sign an agreement permitting this action. At the arbitration hearing, however, Pan Am objected to the Leach and Irons grievance being presented together, and the Local withdrew Leach's grievance without telling the arbitrator about their prior agreement. On July 6, 1984, the Systems Board met and voted against the Irons grievance. Irons was notified of this decision on July 26, 1984.

As to Leach, no further action was taken on her grievance. Later, she wrote to Local to obtain information on the status of her grievance, but Local did not respond. Therefore, on December 18, 1984, she brought charges of unfair representation against Local.

Meanwhile, Irons requested that Local petition to vacate the arbitration decision. On November 14, 1984 Local informed Irons that they would not pursue her grievance any further. A few days later, Irons filed charges against Local to compel further processing of her grievance.

On March 7, 1985, Conference scheduled a hearing for the determination of the charges against Local. After the hearing, Conference exonerated Local of all charges. Irons then notified Conference that it failed to rule on the issue before it; Leach sent Conference a similar notification.

On October 3, 1985, both Irons and Leach brought charges against Conference and

requested a review by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Teamsters"). On November 4, 1985, the Teamsters sent Irons and Leach a letter stating that they would not review these charges. Accordingly, Leach and Irons filed this action.

## II. DISCUSSION

### A. Statute of Limitation

■ Local and Conference both claim that the plaintiffs' claim is barred by the applicable statute of limitations. Actions for breach of duty of fair representation are governed by the six month statute of limitations contained in section 10(b) of the Labor Management Relations Act, 29 U.S.C. § 160(b). *Delcostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

■ Conference claims that the statute of limitations began to run at the latest, on August 1 and 2, 1985[1] against Irons and Leach respectively, because this is when Conference rendered its decision against them.[2] Local, however, contends that the statute of limitations began to run on November 14, 1984 against Irons; the date on which she knew that Local would no longer pursue her grievance. Similarly, Local claims that the statute of limitations began to run against Leach on December 18, 1984, the latest date on which she knew that the Local would not further pursue her grievance. Conversely, plaintiffs urge that their pursuit of internal union remedies tolled the statute of limitations.

Defendants rely upon *Brain v. Roadway Express, Inc.,* 115 LRRM (BNA) 2876 (N.D. Ohio 1981), *aff'd.,* 115 LRRM (BNA) 2904 (6th Cir.1983) for the proposition that the pursuit of intra-union remedies does not toll the six month statute of limitations. In *Brain,* the court relied heavily upon *Clayton v. International Union,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). In *Clayton,* the Court held although it was well established that a party could not bring a § 301 action against a union until he had exhausted his internal union remedies, this exhaustion requirement was not necessary if the pursuit of these internal remedies would be futile for the employee. *Id.* 101 S.Ct. at 2093. The *Brain* Court read *Clayton* so that the statute of limitations is not tolled if the intra-union remedies being sought by the plaintiff were futile. Accordingly, defendants urge this court to follow *Brain,* and hold that the pursuit of intra-union remedies by Leach and Irons did not toll the statute of limitations.

I believe that the *Brain* court read the *Clayton* decision too broadly. In *Clayton,* the court did not require the exhaustion of internal union remedies because it would be unfair to the *employee* to be required to exhaust these remedies where it would be futile. Furthermore, this distinction was emphasized by the Seventh Circuit in *Fransden v. Brac,* 782 F.2d 674 (7th Cir. 1986). *Fransden* squarely addressed the issue of whether the six month statute of limitations was tolled in a breach of duty of fair representation action where the employee sought to pursue intra-union remedies. The court in *Fransden* properly recognized that the "futility" exception to the requirement of union remedies established in *Clayton* was designed "because it would be unfair to the union member, *not* the union, to insist on the exhaustion of futile internal remedies." *Fransden,* 782 F.2d at 679 (emphasis in original). Recognizing this important distinction, the Court held

---

1. In their supplemental memorandum in support of their motion for judgment on the pleadings, Conference states that their position remains that the statute began to run on August 1 and 2, *1984.* The court assumes that this is a typographical error and that Conference intended to reallege that the limitations period began to run on August 1 and 2, 1985, nine months before the filing and service of the complaint.

2. In the amended complaint, plaintiffs allege that the adverse decision by Conference was rendered on July 26, 1985, a week earlier than Conference claims plaintiffs became aware of the decision. No explanation was given by Conference for this difference in time between the decision and the notification.

that the six month statute of limitations is tolled while the employee pursues internal union remedies. *Id.* at 681.

After examining *Fransden* and *Brain,* I find *Fransden* is the better reasoned decision. As the Court in *Fransden* pointed out, to hold otherwise would leave the employee in a "Catch 22."

> If the employee does not exhaust internal union remedies, he can be certain that the defendant union will argue that this requires dismissal of the action. On the other hand, if the employee does pursue those remedies, he knows that the union will argue that exhaustion would have been futile, and therefore that the statute of limitations should not be tolled during the time it took the employee to exhaust.

■ This court finds that the statute of limitations was tolled while the plaintiffs sought internal union remedies. Here, the plaintiffs pursued internal union remedies until November 4, 1985 when Teamsters refused to review their charges. However, plaintiffs did not receive notice of this decision until "some days later." Therefore, the statute of limitations did not begin to run until after November 5th. Since the plaintiffs' complaint was filed on May 2, 1986, and served on the defendants on May 5, 1986,[3] the action was initiated in a timely fashion.

### B. *Pre-Emption of Count III*

■ In Count III of the amended complaint, plaintiff alleges that their active membership within the Union created a "contract in fact" requiring defendants to present their grievances. Plaintiffs further assert that defendants breached this contract. ˙ Local contends, however, that this state law breach of contract action is pre-empted by federal law.

---

**3.** When alleging a breach of duty of fair representation, the complaint must be *filed* with the court *and served* upon the defendant within the applicable six month limitation period. *Dunlop v. Lockheed-Georgia Co.,* 755 F.2d 1543 (11th Cir.1985) (and cases cited therein).

In *Evangelista v. Inlandboatmen's Union of Pacific,* 777 F.2d 1390 (9th Cir.1985), the court held that in a suit for breach of duty of fair representation, where the state law claim merely restated a § 301 federal claim for breach of said duty, the state law claim is pre-empted. In the instant case we have a similar situation. The alleged "contract in fact" contained in Count III is nothing more than a restatement of the breach of fair representation claim. Thus, I find that Count III is pre-empted by federal law and must be dismissed.

### C. *Right to Jury Trial*

■ Defendant Local next asserts that there is no right to a jury trial for breach of duty of fair representation action. However, in *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979), the court squarely held that the right to trial by jury applies to cases to breach of duty of fair representation.[4] *See also Minnis v. UAW,* 531 F.2d 850 (8th Cir.1975).

*Cox* involved a suit almost identical to the one in the instant case, in that the employee was bringing a breach of duty of fair representation suit against his union for failure to process his grievance. Instead of characterizing the action as equitable, the court in *Cox* analogized a breach of duty of fair representation as a common law tort. *Id.* at 138. Accordingly, I am compelled to deny Local's motion.

### D. *Jurisdiction Under 28 U.S.C. § 1331*

■ Conference, in its supplemental motion for judgment on the pleadings, allege that the plaintiffs have failed to plead jurisdiction pursuant to 28 U.S.C. § 1331, because plaintiffs' have not alleged the amount in controversy. However, § 1331 provides for federal question jurisdiction, which is not dependent on the amount in controversy.

---

**4.** *Cox* is binding precedent on this court. *See Bonner v. Prichard,* 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

### E. *Punitive Damages*

 Local moves to strike the plaintiffs' demands for punitive damages, claiming that punitive damages are not recoverable in an action for breach of duty of fair representation. Defendant is correct. *International Board of Electrical Workers v. Foust,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979); *Wells v. Southern Airways, Inc.,* 616 F.2d 107, 109 n. 1 (5th Cir.1980) ("an award of punitive damages for breach of the duty of fair representation is *per se* invalid.").

### F. *Failure to State a Claim*

Defendant Conference asserts that plaintiffs have failed to state a claim against them upon which relief may be granted. In essence, they argue that the plaintiffs have not established Conference's duty of fair representation.

 The duty of fair representation arises out of the power to act as the employee's exclusive bargaining representative. *See Sinyard v. Foote & Davies Div. of McCall Corp.,* 577 F.2d 943, 947 (5th Cir.1978) (and cases cited therein). Here, plaintiffs have alleged the existence of a relationship that would give rise to the duty of fair representation. In Count II, they appear to allege that Teamsters, Local, and Conference serve as plaintiff's collective bargaining agent. In addition, the collective bargaining agreement, attached to the plaintiff's complaint, does not conclusively establish the identity of the exclusive bargaining representative. Instead, Article I of the agreement, broadly states that the "Union" is recognized by the company as the sole collective bargaining agent for the employees of Pan Am.

In short, it is unclear as to which of the defendants is the exclusive bargaining representative of the plaintiffs. A more complete record is required before this claim may be dismissed. For now, plaintiffs have alleged sufficient facts to withstand a motion for judgment on the pleadings. Accordingly, Conference's motion is denied.

### G. *Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure requires an attorney to sign every "pleading, motion, and other paper." The signing attorney certifies that the motion is well grounded in fact and warranted by law. In this case, the attorneys have fulfilled the requirements of Rule 11.