**Thomas E. EMERICK**

v.

**McCONWAY & TORLEY CORP., et al.**

**Civ. A. No. 85–6297.**

United States District Court, E.D. Pennsylvania.

Dec. 11, 1986.

546

Mark I. Weinstein, Allentown, Pa., for plaintiff.

Robert F. Stewart, Jr., Philadelphia, Pa., for McConway.

Stephen C. Richman, Philadelphia, Pa., for Local 361.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Pending before me is defendant International Molders & Allied Workers Union, Local No. 316's (Union) motion to strike plaintiff's demand for a jury trial. For the reasons stated below, I will deny the motion.

Plaintiff claims that defendant McConway & Torley Corporation wrongfully discharged him in violation of the collective bargaining agreement and that the Union breached its duty of fair representation by refusing to process his grievance to arbitration. Plaintiff seeks reinstatement and damages. The Union argues that a jury trial is not available in a duty of fair representation case.

The duty of fair representation "is implied under the scheme of the National Labor Relations Act [ (NLRA) 29 U.S.C. § 151–169.]." *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 79 L.Ed.2d 476 (1983). The right to a jury trial for a statutory claim may be derived from the statute itself or from the seventh amendment. Plaintiff does not dispute the Union's position that the NLRA does not provide for a jury trial for duty of fair representation claims. Plaintiff argues, however, that I should follow *Quinn v. DiGiulian,* 739 F.2d 637 (D.C.Cir.1984), which held that there is a right to a jury trial for duty of fair representation claims under the seventh amendment.

The seventh amendment provides that jury trials shall be preserved "[i]n Suits at common law." Thus, plaintiff is only entitled to a jury trial if his claim is considered legal rather than equitable. *See Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

There is sharp disagreement over whether an action for breach of duty of fair representation is legal or equitable. Some courts hold that there is no right to a jury trial because the duty or the remedy is equitable. *See, e.g., Spicher v. Wilson Foods Corp.,* 122 L.R.R.M. 3168 (C.D.Ill. 1985), [Available on WESTLAW, DCTU database]; *McIntyre v. Steelworkers Local 7555,* 120 L.R.R.M. 2911 (M.D.Fla.1985). Other courts hold that a jury trial is available under the seventh amendment, because the duty or remedy is legal. *See, e.g., Quinn,* 739 F.2d at 646; *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979); *Minnis v. International Union, UAW,* 531 F.2d 850 (8th Cir.1975); *Allen v. Allied Plant Maintenance Co.,* 636 F.Supp. 1090 (M.D.Tenn.1986); *Cook v. National Maritime Union,* 617 F.Supp. 1052 (S.D.N.Y.1985); *Lucas v. Philco-Ford Corp.,* 380 F.Supp. 139 (E.D.Pa.1974).

In *Ross,* the Supreme Court set out three criteria to be considered in determining whether an action is "legal": "[F]irst, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries." 396 U.S. at 538, n. 10, 90 S.Ct. at 738 n. 10. Upon consideration of these factors, I find plaintiff has a right to a jury trial.

There is no pre-merger custom regarding a claim for breach of duty of fair representation since the duty did not exist prior to the enactment of the NLRA. However, in *Nedd v. UMW,* 556 F.2d 190 (3d Cir.1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978) the Third Circuit refers to the Union's "equitable duty" to act fairly on behalf of the employees it represents. *Id.* at 199. In *Nedd,* pensioned coal miners sued the pension fund trustees and the union for breach of its duty of fair representation in failing to enforce coal mine

operators' contractual obligations to contribute to the pension fund. The court found that the Union was a *de facto* trustee. 556 F.2d at 209. The obligation owed to a beneficiary by a trustee is a classic example of an equitable fiduciary duty. In its opinion, however, the court never considers the question of whether an action for breach of this duty is "equitable" in all cases.

Even assuming that the duty is "equitable", that fact alone does not determine whether plaintiff is entitled to a jury trial. In *Nedd*, the court affirmed the denial of a jury trial, by basing its decision on the remedies sought rather than on the classification of the duty. See *id.* at 206–07. The court found that denying a jury trial followed the well settled rule that "the remedies of trust beneficiaries, against trustees or third parties, are equitable rather than legal." *Id.* at 207. Focusing on the remedies sought is a sensible approach in considering whether there is a right to a jury trial for a modern statutory action. "In determining whether there is a right to a jury trial of claims under a modern statutory cause of action, the nature of the remedies authorized and sought has become a more reliable clue to whether the action is legal or equitable in nature than the existence of a precise common law analogy to the modern cause of action." *Quinn*, 739 F.2d at 646.

In contrast, the plaintiff in this case seeks both the equitable remedy of reinstatement and the legal remedy of damages. *Nedd* held a suit for personal damages is a legal action. *See id.* at 206 ("The pensioners contend that [denying a jury trial] was error. They urge the suit is essentially one for the recovery of money, and that such a suit ... is an action at law within the meaning of the seventh amendment. That is true for suits in which the plaintiff seeks the recovery of money for himself.") Moreover, the Supreme Court has held that absent indications of contrary congressional intent, "when Congress provides for enforcement of statutory rights in an ordinary civil action in the district court ... a jury trial must be available if the actions involve rights and remedies of the

sort typically involved in an action at law." *Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). The Union argues that plaintiff's legal remedy is only incidental to his equitable remedy and that therefore plaintiff is not entitled to a jury trial. I do not agree. "[W]here equitable and legal claims are joined in the same action there is a right to a jury trial on the legal claims which must not be infringed by trying the legal issues as incidental to the equitable ones." *Ross*, 396 U.S. at 537–38, 90 S.Ct. at 738.

██ The Union also argues that *DelCostello* compels me to hold that plaintiff is not entitled to a jury trial. In *DelCostello*, the Court noted the "family resemblance" of fair representation claims to unfair labor practices, 462 U.S. at 170, 103 S.Ct. at 2293, for which there is no right to jury trial. *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). However, *DelCostello* involved the issue of determining the proper statute of limitations for duty of fair representation suits. I am not persuaded that an analogy for statute of limitations purposes requires an analogy for seventh amendment purposes, especially given the significance of the right to a jury trial. *See, e.g., Jacob v. New York City*, 315 U.S. 752, 752–53, 62 S.Ct. 854, 86 L.Ed. 1166 (1942) ("The right to jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.").

With regard to the third *Ross* factor, I believe the jury can properly perform its function of finding the facts and awarding damages if necessary. Indeed, the Union does not argue otherwise. However, plaintiff agrees that I may reserve for my judgment the determination of whether equitable remedies are appropriate, and I will do so. *See Quinn*, 739 F.2d at 646.

An appropriate order follows.

### ORDER

Upon consideration of defendant International Molders & Allied Workers Union,

Union Local No. 361's motion to strike plaintiff's demand for a jury trial and plaintiff's response thereto, IT IS ORDERED that:

1. The order dated October 22, 1986, granting the motion as unopposed is VACATED.

2. The motion is DENIED. However, I will reserve for my judgment the determination of whether equitable remedies are appropriate.