**Raymond G. MASSEY, Plaintiff,**

v.

**WHITTAKER CORPORATION, WINTERS INDUSTRY DIVISION, et al., Defendants.**

**No. C86–4986A.**

United States District Court, N.D. Ohio, E.D.

June 12, 1987.

James Mannos, Tzangas, Plakas & Mannos, Canton, Ohio, for plaintiff.

Timothy Kasparek, Reminger & Reminger, Cleveland, Ohio, Robert Mitchell, Kirch-

er & Phalen, Cincinnati, Ohio, Linda Kesterson, Cleveland, Ohio, for defendants.

## ORDER

DOWD, District Judge.

The plaintiff, Raymond G. Massey, has brought this hybrid § 301 case against his former employer, defendant Whittaker Corporation, and against the union of which he formerly was a member, defendant International Molders & Allied Workers Union Local 154. The plaintiff alleges that the Whittaker Corporation violated the collective bargaining agreement when it discharged him in March of 1986. The plaintiff also alleges that the union failed to represent him adequately by failing to pursue the grievance of his discharge through the grievance procedure and ultimately to arbitration. The union has moved the Court to strike the plaintiff's jury demand, claiming that the plaintiff has no right to a jury trial in a hybrid § 301 law suit. The plaintiff has opposed the union's motion. For the reasons that follow, the Court denies the motion.

## I.

A plaintiff's right to a jury trial arises by statute or under the seventh amendment. No provision of the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141–187 (1982), confers to a plaintiff the right to a jury trial. Thus, a plaintiff's right to a jury trial in a labor matter arising under the LMRA must arise under the seventh amendment.

The seventh amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.…" The amendment not only preserves the right to trial by jury that existed

under the common law when Congress enacted the amendment in 1791, but also preserves the right to trial by jury in new causes of action created by statute subsequent to the amendment. *Curtis v. Loether,* 415 U.S. 189, 193–94, 94 S.Ct. 1005, 1007–08, 39 L.Ed.2d 260 (1974). The statute, however, must "create[ ] legal rights and remedies, enforceable in an action for damages in the ordinary courts of law," in order for the seventh amendment to provide a right to a jury trial. *Id.* at 194, 94 S.Ct. at 1008.

The Court essentially must determine whether the statutory cause of action more closely resembles cases formerly tried in courts of law, or those tried in equity or admiralty courts. The Supreme Court has recently explained the analysis courts should use in determining the nature of a statutory cause of action:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity … Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Tull v. United States,* —— U.S. ——, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987) (citations omitted). The second inquiry, which focuses on the nature of the relief sought, is the most significant. *Id.* 107 S.Ct. at 1837; *Hildebrand v. Board of Trustees,* 607 F.2d 705, 708 (6th Cir.1979), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982).[1]

## II.

The plaintiff has pleaded a hybrid § 301 action. A hybrid § 301 action is a somewhat unique statutory cause of action, because it presents two basic issues: whether

---

1. The *Tull* Court modified the test for whether a plaintiff is entitled to a jury trial previously articulated in *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970). In modifying the test, the *Tull* Court deleted the third prong concerning whether the issue is within the practical abilities and limitations of a jury. The Court noted in *Tull* that it "has not used these considerations as an independent basis for extending the right to a jury

trial under the Seventh Amendment." *Tull,* 107 S.Ct. at 1835 n. 4. Although the Court's footnote suggests that the abilities of juries to decide certain issues might be a consideration for denying a right to jury trial under the seventh amendment, this Court finds that juries are certainly capable of determining whether a contract has been breached or whether a statutory duty of fair representation has been violated.

the union breached its duty of fair representation, and whether the employer breached the collective bargaining agreement. The Supreme Court has made clear that the right to jury trial "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Hybrid § 301 actions present two separate issues, and the Court should examine the plaintiff's right to jury trial with respect to the breach of contract issue and the breach of the duty of fair representation issue separately.[2]

### A.

◼ The breach of contract issue in the plaintiff's § 301 action is clearly one for which a plaintiff had a right to a trial by jury at the common law during the 18th century. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962). Thus, the first inquiry of the *Tull* test is satisfied.

The remedy for breach of contract has historically been legal; the plaintiff seeks the amount of dollar damages that will place him in the same position in which he would have been had the defendant not breached the contract. Only in rare instances is a plaintiff entitled to equitable relief in the form of specific performance in breach of contract actions. The plaintiff has requested a remedy in the form of backpay on the breach of contract issue. Back pay is a legal remedy because it will compensate the plaintiff for the wages he would have earned if the defendant had not breached the employment agreement and terminated the plaintiff's employment. Although back pay is an equitable remedy for the purposes of Title VII of the Civil Rights Act of 1964, the characterization of back pay as an equitable remedy is based on the specific statutory language in Title VII. *See Curtis v. Loether*, 415 U.S. 189, 196–97, 94 S.Ct. 1005, 1009–10, 39 L.Ed.2d 260 (1974). In the absence of such specific statutory language, back pay that forms part of an award for compensatory damages in a § 301 action is more properly classified as legal relief and not as equitable relief. *Id.* at 197, 94 S.Ct. at 1010. Thus, the second part of the *Tull* test is satisfied. *See Wood v. Int'l Brotherhood of Teamsters*, 807 F.2d 493, 504–05 (6th Cir.1986) (Contie, J. concurring). The Court concludes that the plaintiff is entitled to a jury trial under the *Tull* test on the breach of contract issue.

### B.

◼ The breach of the duty of fair representation issue is one that traditionally is tried to juries. The Supreme Court has determined that the right of the union to represent employees in the collective bargaining process carries with it the responsibility "to make an honest effort to serve

---

**2.** The defendant argues that the plaintiff is not entitled to a jury trial because the hybrid § 301 action, as a whole, does not resemble an 18th-century action formerly brought in English law courts and does not seek equitable relief. The defendant bases its argument on the Supreme Court's characterization of hybrid § 301 cases in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *Mitchell*, the Supreme Court noted that § 301 actions are more akin to a generalized "labor law" claim than to a breach of contract action, and concluded that the statute of limitations for breach of contract actions is not applicable to § 301 claims. In *DelCostello*, the Supreme Court reaffirmed its conclusion in *Mitchell* that hybrid § 301 cases are not directly analogous to breach of contract claims for the purposes of· selecting the appropriate statute of limitations. The defendant argues that based on these cases, a § 301 action cannot be characterized as a breach of contract claim, and therefore a § 301 action is not one that traditionally would have been tried to a jury.

The weakness in the defendant's argument is that the Court in *DelCostello* and *Mitchell* focused on the overall characterization of hybrid § 301 actions, and not on the nature of the two distinct issues a § 301 action presents. *See Wood v. Int'l Brotherhood of Teamsters*, 807 F.2d 493, 505 n. 1 (6th Cir.1986) (Contie, J., concurring); *Quinn v. DiGiulian*, 739 F.2d 637, 646 (D.C.Cir.1984). The determination of the appropriate statute of limitations requires a court to examine the overall nature of a cause of action; the determination of the right to jury trial requires a court to examine the issues presented in a particular cause of action. *See Ross*, 396 U.S. at 538, 90 S.Ct. at 738. Thus, reliance on *Mitchell* and *DelCostello* is misplaced when the issue is whether a plaintiff has a seventh amendment right to jury trial.

the interests of all those members, without hostility to any." *Ford Motor Co. v. Huffman,* 345 U.S. 330, 337, 73 S.Ct. 681, 685, 97 L.Ed. 1048 (1953). Whether a union has breached its statutorily prescribed duty to represent fairly all of its members invokes the question of whether the union breached a legal duty, which customarily presents a legal issue. *See Quinn v. DiGiulian,* 739 F.2d 637, 646 (D.C.Cir.1984). Thus, the first prong of the *Tull* test is satisfied.

The nature of the relief sought by the plaintiff in a § 301 case presents a more difficult question. A union's breach of its duty of fair representation can take at least two different forms. First, the union may simply refuse to process the plaintiff's grievance in an arbitrary, discriminatory, or bad faith manner. *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Second, the union may process the grievance to a final resolution, but its conduct in processing the grievance may "seriously undermine[ ] the integrity of the arbitral process." *Hines v. Anchor Motor Freight,* 424 U.S. 554, 567–68, 96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231 (1976). In a situation where the union processes the grievance to a final resolution, and the plaintiff claims that the union's conduct in processing the grievance was questionable, the plaintiff must first demonstrate a flaw in the grievance procedure and the arbitration itself before the plaintiff may proceed on the issue of whether the employer breached the collective bargaining agreement. In this type of § 301 case, arguably the primary relief sought by the plaintiff is the vacation of the arbitrator's ruling. *Wood,* 807 F.2d at 504 (Contie, J., concurring). The setting aside of an arbitration decision is an equitable remedy. *Id.*

In a § 301 case in which the plaintiff is claiming that the union refused to process the grievance, or that the union abandoned the grievance prior to arbitration, there is no arbitration decision to set aside; the plaintiff is simply alleging that the union treated the plaintiff's grievance in an arbitrary, discriminatory, or bad faith manner.

In this type of situation, the plaintiff does not seek the equitable remedy of the vacation of an arbitrator's decision. The relief the plaintiff seeks as a remedy for the union's failure to process his grievance properly is back pay; in other words, the plaintiff seeks to recover the wages the plaintiff would have earned as an employee of the employer had the union properly prosecuted his grievance, and had the plaintiff not lost his job. Recovery of monies the plaintiff would have earned had the union not breached its legal duty to represent him fairly is a legal remedy for which the plaintiff is entitled to a jury trial.

The plaintiff in this case is alleging that the union failed to process his grievance for arbitrary, discriminatory, or bad faith reasons. This type of § 301 action against the union entitles the plaintiff to trial by jury, because the breach of the duty of fair representation issue is one that customarily is tried to juries, and because the relief the plaintiff seeks is legal. Accordingly, the Court concludes that the plaintiff is entitled to jury trial on the breach of the duty of fair representation issue.

### III.

■ The plaintiff's complaint also requests the Court to reinstate him to his former position with the defendant employer, and requests the Court to reinstate him with retroactive seniority. Providing the plaintiff with this relief would require the Court to exercise its equitable powers, and thus at least part of the relief sought by the plaintiff is equitable in nature. The fact that the plaintiff has requested both legal and equitable relief in the same action does not prejudice the plaintiff's right to a jury trial on the legal issues. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); *Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).[3] The plaintiff's claims may be consolidated in a single trial, with the jury trying the legal claims

---

**3.** Similarly, the fact that the plaintiff has also pleaded a cause of action under Title VII, for which no right to jury trial exists, does not affect the plaintiff's right to jury trial on his § 301 claims.

and the Court trying the equitable claims, *see Ross,* 396 U.S. at 537–38, 90 S.Ct. at 737–38, or the legal and equitable claims may be tried in separate trial proceedings, *see id.* at 540, 90 S.Ct. at 739. The plaintiff's right to jury trial remains even if the plaintiff's request for legal relief is merely incident to the plaintiff's request for equitable relief. *Dairy Queen,* 369 U.S. at 473, 82 S.Ct. at 897.

## IV.

For the foregoing reasons, the Court denies the defendant union's motion to strike the jury demand.

IT IS SO ORDERED.