**Donald J. KING, Plaintiff,**

v.

**FOX GROCERY COMPANY, Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 872, and International Brotherhood of Teamsters, Chauffeurs Warehousemen and Helpers of America, Defendants.**

**Civ. A. No. 84–2012.**

United States District Court, W.D. Pennsylvania.

Feb. 11, 1988.

C. Timothy Barry, Pittsburgh, Pa., for plaintiff.

Gerard J. Koechel, Rothman Gordon Foreman and Groudine, Pittsburgh, Pa., for defendant Local Union.

Paul M. Puskar, Baskin Flaherty Elliott & Mannino, Pittsburgh, Pa., for defendant Fox Grocery Co.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff was discharged from his job as a warehouseman for failing to meet company productivity standards. He filed this hybrid § 301/fair representation suit charging: a) that his employer discharged him in violation of the collective bargaining agreement because the productivity standards were impossible to meet without violating certain safety regulations, and b) his union breached its duty of fair representation by failing to pursue his grievances to arbitration, or by failing to adequately present them. The parties have completed discovery and we have held two Pretrial Conferences in an effort to define and simplify the issues for trial.

### I. JURY TRIAL

Defendants have filed a motion to strike plaintiff's jury trial demand, asserting that there is no jury trial right in a *Vaca v. Sipes* style action. The parties have fully briefed this difficult question.

Analysis begins with *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The Court required a tri-partite analysis of each case to determine if the right to trial by jury attached.

1) What was the pre-merger custom as to such claims?

2) Is the remedy sought equitable or legal in nature?

3) Does the case exceed the practical abilities and limitations of jurors?

Application of this analytical framework to hybrid § 301/fair representation suits has resulted in a sharp split of authority. Some courts have held that a plaintiff in such an action has a right to jury trial of all issues: *Roscello v. Southwest Airlines Co.*, 726 F.2d 217 (5th Cir.1984); *Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229, 1244 (8th Cir.1980); *Cox v. C.H. Masland & Sons, Inc.* 607 F.2d 138 (5th Cir. 1979); *Minnis v. International Union, UAW*, 531 F.2d 850 (8th Cir.1975); *Palmer v. Metro–North Commuter Railroad Co.*, 661 F.Supp. 1178 (S.D.N.Y.1987); *Massey v. Whittaker Corp.*, 661 F.Supp. 1151 (N.D.

Ohio 1987); *Leach v. Pan American World Airways, Inc.,* 651 F.Supp. 713 (S.D. Fla.1986); *Emerick v. McConway & Torley Corp.,* 650 F.Supp. 545 (E.D.Pa.1986); *Grider v. Monin,* 637 F.Supp. 324 (N.D. Tenn.1986); *Allen v. Allied Plant Maintenance Co.,* 636 F.Supp. 1090, 1099 (M.D. Tenn.1986); *Cook v. National Maritime Union of America,* 617 F.Supp. 1052 (S.D. N.Y.1985); *Legutko v. Local 816, International Brotherhood of Teamsters,* 606 F.Supp. 352 (E.D.N.Y.1985); *Wood v. International Brotherhood of Teamsters, Local 406,* 565 F.Supp. 1011 (W.D.Mich. 1983); *Kinzel v. Allied Supermarkets, Inc.* 88 F.R.D. 360 (E.D.Mich.1980); *Steele v. Brewery & Soft Drink Workers, Local 1162,* 432 F.Supp. 369 (N.D.Ind.1977); *Rowan v. Howard Sober, Inc.,* 384 F.Supp. 1121 (E.D.Mich.1974); *Lucas v. Philco–Ford Corp.,* 380 F.Supp. 139 (E.D.Pa.1974). See also, *Quinn v. DiGiulian,* 739 F.2d 637 (D.C.Cir.1984) (LMRA).

On the other hand, some courts have found no right to jury trial in such actions: *Chrysler Workers Association v. Chrysler Corp.,* 663 F.Supp. 1134 (N.D.Ohio 1986); *Schrader v. Sheet Metal Workers, Local 20,* 656 F.Supp. 1487 (N.D.Ind.1987); *Spicher v. Wilson Foods Corp.,* 122 L.R.R. M. 3168 (C.D.Ill.1985) [Available on WEST-LAW, 1985 WL 6291]; *McIntyre v. Steelworkers Local 7555,* 120 L.R.R.M. 2911 (M.D.Fla.1985); *Coleman v. Kroger Co.,* 399 F.Supp. 724 (W.D.Va.1975) (but court used advisory jury); *Nedd v. Thomas,* 316 F.Supp. 74 (M.D.Pa.1970); *Brady v. Trans World Airlines, Inc.,* 196 F.Supp. 504 (D.Del.1961). Other courts permit jury trial on the claims against the employer, but reserve the duty of fair representation claim to the court: *Atwood v. Pacific Maritime Association,* 432 F.Supp. 491 (D.Ore. 1977); *Harrison v. Chrysler Corp.* 60 F.R. D. 9 (S.D.Ind.1973).

■ With no clear cut choice, we examine the *Ross* criteria. Hybrid § 301/fair representation claims did not exist at common law, so we look to analogous premerger causes of action. Many of the earlier decisions on this topic were grounded in the analogy between the plaintiff's claims against union and employer with common law tort and contract actions. These analogies were rejected by the Supreme Court in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Instead, the Court stated that such claims are more properly likened to actions for breach of fiduciary duties, or to vacate arbitration awards, both of which are traditionally suits in equity. Plaintiff's claim may also be likened to an unfair labor practice charge which carries with it no right to jury trial. See *DelCostello,* 462 U.S. at 170, 103 S.Ct. at 2294.

Recent decisions upholding a right to jury trial in these cases have distinguished the analogy to equity claims in *Mitchell* and *DelCostello* as occurring in a statute of limitations context. E.g., *Quinn v. DiGiulian,* 739 F.2d 637 (D.C.Cir.1984); *Massey v. Whittaker Corp.,* 661 F.Supp. 1151 (N.D.Ohio 1987); *Emerick v. McConway & Torley Corp.,* 650 F.Supp. 545 (E.D.Pa. 1986). While *Mitchell* and *DelCostello* may not be strictly controlling here since they did not of course employ the *Ross* criteria, we believe they do carry considerable weight when trying to characterize the present action. To reject the characterizations of *Mitchell* and *DelCostello* entirely when considering jury trial rights makes for a chameleon of an action—legal for some purposes, equitable for others, with only a change of background needed.

Turning to the nature of the relief sought by plaintiff, we note that plaintiff seeks reinstatement, back pay and fringe benefits, and such other relief as the Court deems appropriate. Reinstatement is of course an equitable remedy, but back pay is not so easily classified. Defendants offer the bromide that back pay is an equitable remedy. However, the stark reality is that back pay is simply the measure of money damages suffered by plaintiff as a result of his allegedly wrongful discharge, i.e., a typical legal remedy. Nor can we conclude that 4 years of lost wages is "incidental" to the equitable relief sought. However, we think that the relief sought is

most appropriately characterized as the vacation of the Order of the Joint Area Counsel, and abrogation of the settlement accords which the union signed over plaintiff's objection. See *Mitchell* and *DelCostello*. All relief flows from these equitable remedies and thus we conclude that the relief sought by plaintiff is equitable in nature.

Finally, we consider the abilities and limitations of jurors. Though we have great faith in the capacity of jurors to separate wheat from chaff in the presentation of evidence, the court has thus far been unsuccessful in having counsel simplify the issues and cogently present the critical aspects of the case. In the present posture of the litigation, we can be no more than equivocal on the third *Ross* criterion.

Finally, we also note that the hybrid § 301/fair representation claim has its origins in the interstices of the complex federal statutory labor scheme. Congress chose not to provide a jury trial right for actions explicitly created by the Act and we are reluctant to imply one for an action which is itself implied from the Act.

Therefore, we conclude that there is no statutory or constitutional right to a jury trial in a hybrid § 301/fair representation claim against an employer and a union. Defendants' motion to strike the jury trial demand will be granted.

## II. IN LIMINE RULINGS

By various submissions which are in essence motions in limine, the parties have raised several questions relevant to the conduct of trial. We address them here in hopes of providing some guidance to counsel.

■ The union vigorously contends that evidence concerning the merits of plaintiff's grievance is irrelevant and inadmissible as concerns the duty of fair representation claim. To some extent this is true. To recover, plaintiff must prove that the union's actions was arbitrary, capricious or in bad faith. The mere fact that plaintiff's grievance was meritorious will not of itself justify recovery against the union. E.g.,

*Findley v. Jones Motor Freight,* 639 F.2d 953, 958 (3d Cir.1981). However, to assess whether the union's conduct was arbitrary, capricious or in bad faith we must have some understanding of the circumstances of the underlying grievance. We cannot make these judgments in a vacuum. Neither though can we second guess unions merely because the grievance appears to be winnable.

Testimony concerning the merits of the grievance is in any event necessary to plaintiff's charge that the employer breached the collective bargaining agreement. As we understand plaintiff's theory (and it hasn't been easy to this point) the Company imposed productivity standards, the standards were impossible to meet unless employees engaged in an illegal practice (i.e., taping the rabbit button), plaintiff refused to engage in this illegal practice, plaintiff failed to meet the standards, and plaintiff was therefore discharged. These facts are of course hotly contested, but they form the basis of the claim against the employer. Because we have not severed plaintiff's claims against the union from the claim against the employer, we will hear such testimony as is necessary on the merits of plaintiff's grievance. We will caution counsel to cover this topic expeditiously and without undue repetition.

■ The union has also contended that it cannot be liable because it pursued plaintiff's discharge grievance to the Joint Area Committee which ruled in favor of the Company. Under the collective bargaining agreement, arbitration is only available if the JAC deadlocks.

Again we agree with the union up to a point. The union cannot be charged with the failure to take plaintiff's *discharge* to arbitration. Arbitration was simply not available. And as to the suspension grievance, the only relief plaintiff could have obtained in arbitration was back pay for the periods of suspension. They could not have resulted in reinstatement because reversing the discharge would not be within the power of an arbitrator on the suspension grievances. Thus, if plaintiff's case on breach of the duty of fair representation

is limited to a charge of failure to arbitrate, defendants' liability would be limited to back pay for the periods of suspension.

However, plaintiff may still prevail. Plaintiff has alleged that the union's conduct of the grievances was defective in several respects, resulting in an erroneous decision by the JAC on the discharge grievance. The Third Circuit in *Findley v. Jones Motor Freight*, 639 F.2d 953, 958 (1981), defines the issues for such a case:

> But once the grievance mechanisms have been utilized, as here, the focus is on whether, contrary to the arbitrator's decision, the employer did breach the contract and whether there is substantial reasaon to believe that a union breach of duty contributed to the erroneous outcome.... Accordingly, the issue here is whether the union's representation in the grievance proceedings was within the "range of acceptable performance," and if not, whether it tainted the adverse arbitral decision. (citations omitted).

In considering these issues, we reject the suggestion that we restrict ourselves entirely to the discharge grievance. We cannot look at the discharge grievance in a vacuum. It was the culmination of a running dispute between plaintiff and his employer. However, to show only that one of the suspension grievances was improperly handled will not be sufficient. Plaintiff must show that the omissions or errors in the suspension grievances directly impaired the discharge grievance.

Finally, we have reviewed the parties' submissions of damages and other relief. Because trial is bifurcated between liability and damages, and because the nature of relief may depend on the nature of the breach, we will reserve these questions until conclusion of the liability phase.

The parties have also made submissions on certain evidentiary matters, such as the admission of certain documents, at the request of the Court. Because the matter is to be tried non-jury, it will be more expeditious to consider these items and rule at time of trial.

An appropriate Order will be entered.

## ORDER

AND NOW, in accord with the accompanying Opinion, it is hereby ORDERED that plaintiff's demand for jury trial is STRICKEN. It is further ORDERED that the parties shall abide by the rulings in limine contained in the accompanying Opinion.

SO ORDERED.