Julius G. **COOK**, Plaintiff,

v.

**NATIONAL MARITIME UNION OF AMERICA and American Trading Transportation Co., Defendants.**

No. 84 Civ. 1378 (EW).

United States District Court, S.D. New York.

Sept. 30, 1985.

Julius G. Cook, pro se.

Phillips & Cappiello, P.C., New York City (Ned R. Phillips, New York City, of counsel), for defendant National Maritime Union of America.

Seham, Klein & Zelman, New York City, for defendant American Trading Transp. Co.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, appearing pro se, brings this action for damages against his former employer, American Trading Transportation Co. ("ATTC") for wrongful discharge and also against his union, the National Maritime Union ("NMU") for failure to fulfill its duty of fair representation in connection with his discharge. NMU moves under Fed.R.Civ.P. 39(a)(2) to strike plaintiff's timely request for jury trial as to the duty of fair representation on the ground that such claims are not covered by the Seventh Amendment's guarantee of trial by jury.

The legal issue raised by NMU has not been passed upon by our Court of Appeals, but the weight of authority in other Courts of Appeals is solidly against NMU's position.[1] Each of these cases squarely holds that where, as here, plaintiff is seeking only damages, and not other equitable relief, he is entitled to jury trial on a claim for breach of the duty of fair representation.

 This position is more consistent with the nature of the claim plaintiff seeks to make. NMU analogizes claims for breach of the duty of fair representation to actions for breach of fiduciary duty, which are equitable in nature, and which are not entitled to jury trial under the Seventh Amendment. Rather than being a creature of common law or traditional equity, however,

the duty of fair representation is a legal duty created by statute, for enforcement of which an action lies in the courts.[2] In actions seeking to enforce statutory liabilities involving legal rights and remedies, the Supreme Court has said, there is a right to jury trial absent evidence of contrary congressional intent.[3]

 Accordingly, defendant NMU's motion to strike plaintiff's timely demand for jury trial is denied.

So ordered.

---

1. See *Quinn v. DiGiulian*, 739 F.2d 637 (D.C.Cir. 1984); *Cox v. C.H. Masland & Sons*, 607 F.2d 138 (5th Cir.1979); *Minnis v. UAW*, 531 F.2d 850 (8th Cir.1975).

2. See *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In *Vaca*, the complaint sought damages for breach of the duty, and was

tried to a jury. 386 U.S. at 173, 87 S.Ct. at 907. The Supreme Court reversed, on the ground that the jury had not been correctly instructed as to the applicable standard, but in no way intimated that jury trial was inappropriate.

3. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).