**Harold GRIDER, et al., Plaintiffs,**

v.

**C.V. MONIN, et al., Defendants.**

**No. 3–84–1236.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 10, 1986.

Michael Terry, Hansom, Terry & Thompson, Nashville, Tenn., for plaintiffs.

Tyree B. Harris, Dodson, Harris, Robinson & Aden, Nashville, Tenn., for defendant Seaboard System.

Cecil D. Branstetter, Branstetter, Kilgore, Stranch & Jenning, Nashville, Tenn.,

---

Harold A. Ross, Ross & Krausharr Co., L.P.A., Cleveland, Ohio, for defendants Monin, General Committee and Intern. Bro.

## MEMORANDUM

WISEMAN, Chief Judge.

Defendants have filed a motion to strike plaintiffs' jury demand in this action involving alleged violations of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, and state law. Plaintiffs' complaint arises out of the actions of Seaboard System Railroad and the International Brotherhood of Locomotive Engineers in entering into an agreement affecting the seniority rights of the railroad's employees. Plaintiffs claim that defendants' actions violate various provisions of the Railway Labor Act concerning use of carrier funds and interference with employee organization, and constitute a breach of the duty of fair representation, breach of contract, intentional interference with contract, and conspiracy. Plaintiffs seek damages, declaratory and injunctive relief and attorney's fees.

Defendants argue that the thrust of plaintiffs' complaint involves the alleged breach of the duty of fair representation, that plaintiffs' claim for damages is in essence a request for the equitable relief of reinstatement and back pay, and that the decisions addressing the right to jury trial in duty of fair representation cases brought under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185, *et seq.*, are equally applicable to and dictate that no jury trial is available in duty of fair representation cases brought under the Railway Labor Act. There exists, however, a sharp division of authority over the availability of jury trial in fair representation cases brought under either the Railway Labor Act or the NLRA. Some courts hold that the right to jury trial is available, concluding that the right and at least part of the remedy requested was legal in nature. *See e.g., Roscello v. Southwest Airlines Co.*, 726 F.2d 217 (5th Cir.1984) (Railway Labor Act); *Quinn v. DiGiulian*, 739 F.2d 637 (D.C.Cir.1984); *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir.

1979); *Minnis v. International Union, U.A.W.*, 531 F.2d 850 (8th Cir.1975); *Cook v. National Maritime Union*, 617 F.Supp. 1052 (S.D.N.Y.1985); *Wood v. International Brotherhood of Teamsters, Local 406*, 565 F.Supp. 1011 (W.D.Mich.1983); *Kinzel v. Allied Supermarkets, Inc.*, 88 F.R.D. 360 (E.D.Mich.1980). Other courts have denied requests for jury trial, based on a finding that either the right or remedy was equitable in nature. *See e.g., Brady v. Trans World Airlines, Inc.*, 196 F.Supp. 504 (D.Del.1961) (Railway Labor Act); *Nedd v. United Mine Workers*, 556 F.2d 190 (3d Cir.1977), *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978); *McIntyre v. Steelworkers Local 7555*, 120 LRRM 2911 (M.D.Fla.1985); *Coleman v. Kroger Co.*, 399 F.Supp. 724 (W.D.Va. 1975); *Harrison v. Chrysler Corp.*, 60 F.R.D. 9 (S.D.Ind.1973).

The Railway Labor Act is silent on whether a right to jury trial exists in duty of fair representation cases brought under its provisions. In *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the Supreme Court addressed the question of whether the Seventh Amendment right to jury trial applies to a cause of action brought under a statute which is silent on the availability of jury trial. The *Ross* Court held that "where equitable and legal claims are joined in the same action there is a right to a jury trial on the legal claims which must not be infringed by trying the legal issues as incidental to the equitable ones." 396 U.S. at 537-38, 90 S.Ct. at 738, 24 L.Ed.2d at 736. Explaining that the Seventh Amendment question "depends on the nature of the issue to be tried rather than the character of the overall action," the Court set forth three factors to be considered in determining whether an issue is of a "legal" nature:

[F]irst, the premerger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries.

396 U.S. at 538 & n. 10, 90 S.Ct. at 738, 24 L.Ed.2d at 736.

This Court is persuaded by the reasoning of those courts who have applied the *Ross* factors to a claim based on the duty of fair representation and conclude that a right to jury trial exists. In *Quinn v. DiGiulian, supra,* the District of Columbia held that a right to jury trial is available to a plaintiff seeking both equitable and monetary relief for an alleged breach of the duty of fair representation brought under the NLRA. With respect to the nature of the relief sought, the defendants in *Quinn* argued, as do the defendants in the instant action, that the essence of plaintiff's claim was for reinstatement and that his claim for damages was merely incidental to that equitable claim. The court stated that the duty of fair representation is simply a new legal duty, the breach of which gives rise to liability for any damages that result. 739 F.2d at 646. Relying on the Supreme Court's pronouncement in *Ross* that the right to jury trial is not to be infringed merely because a plaintiff seeks and recovers equitable relief in addition to damages, the court concluded that the question of whether the union had breached its duty of fair representation and the amount of damages, if any, resulting from that breach had been properly sent to the jury. 739 F.2d at 646. This Court concurs in the reasoning of the *Quinn* court and concludes that plaintiffs' request for equitable relief in addition to damages does not extinguish plaintiffs' right to jury trial on the damage claims.

In applying the first factor set forth in *Ross,* the *Quinn* court rejected the argument made by defendants in the instant case that recent Supreme Court decisions, *see e.g., Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), holding that state law statutes of limitation do not apply to fair representation cases, compel the conclusion that fair representation cases are equitable in nature for Seventh Amendment purposes. *Quinn,* 739 F.2d at 646. Explaining that for Seventh Amendment purposes, the nature of the remedies authorized and sought in a modern statutory cause of action is more important than a precise common law analogy, the *Quinn* court concluded that "[a]n action for damages for breach of the duty of fair representation ... is an action to enforce a legal right, and the plaintiff is entitled to a jury trial of that action." 739 F.2d at 646. This Court adopts the reasoning of the *Quinn* court in concluding that the Seventh Amendment issue of whether plaintiffs' claim is equitable or legal in nature is not controlled by the Supreme Court decisions on the proper period of limitations applicable to that claim.

Finally, this Court concurs in the conclusion reached by the *Quinn* court that the risk of jury prejudice in fair representation cases could be alleviated by the power of the trial judge "to guide the jury, to override a verdict or to reduce its award if necessary to insure a fair result." 739 F.2d at 646–47.

As noted earlier in this opinion, courts are in disagreement as to whether a jury trial is available in duty of fair representation cases in which both equitable and legal relief are sought. Defendants argue that the Sixth Circuit has resolved this issue in their favor, and cite *McGraw v. United Association of Journeymen,* 341 F.2d 705 (6th Cir.1965) to support their argument. In *McGraw,* the court held that no jury trial was available in an action under the Bill of Rights provisions of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411, for both equitable relief and damages. As noted by the *Quinn* court, however, the Sixth Circuit has recently questioned the soundness of its holding in *McGraw* in light of the subsequent Seventh Amendment decisions of the Supreme Court in *Ross* and *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). *Quinn,* 739 F.2d at 645 (citing *Hildebrand v. Board of Trustees,* 607 F.2d 705, 708 & n. 4 (6th Cir.1979), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982); *Shimman v. Frank,* 625 F.2d 80, 101 & n. 42 (6th Cir.1980). Thus, this Court does not believe that the *McGraw* decision, even if it were found to apply to duty of fair representation cases,

 

dictates that the Court deny plaintiffs' request for jury trial in view of the subsequent Supreme Court pronouncements on the issue addressed in that decision, and the unresolved question as to whether the Sixth Circuit would follow its own decision today. Accordingly, the Court denies defendants' motion to strike plaintiffs' jury demand.