**Brian PALMER, et al., Plaintiffs,**

**v.**

**METRO–NORTH COMMUTER RAILROAD COMPANY, Brotherhood of Locomotive Engineers, and United Transportation Union, Defendants.**

No. 83 CIV. 8677 (SWK).

United States District Court,
S.D. New York.

June 17, 1987.

O'Donnell & Schwartz, New York City by Malcolm A. Goldstein, for plaintiffs.

Schulman & Altman, New York City by James M. Altman, for defendant, United Transp. Union.

Shapiro, Shiff, Beilly, Rosenberg and Fox, New York City by Sidney Fox, for defendant, Brotherhood of Locomotive Engineers.

Mary Ann Mills, New York City, for defendant, Metro-North Commuter R. Co.

## MEMORANDUM OPINION
## AND ORDER

KRAM, District Judge.

This action, involving alleged violations of the Railway Labor Act, 45 U.S.C. § 151 et seq., (the "RLA") is before the Court on defendants' motion to strike plaintiffs' jury demand. For the reasons stated below, defendants' motion is denied on the damage claims and granted on the injunctive claims.

Plaintiffs, Brian Palmer and nineteen other individuals were railroad engineers formerly employed by Consolidated Rail Corporation, the predecessor of defendant Metro-North. Plaintiffs' complaint alleges that their names were improperly removed from a "Supplemental Order Selection List" for Metro-North locomotive engineer positions when they accepted Metro-North yard helper (fireman and hostler) jobs. As a result of their removal from the list, plaintiffs contend that defendant Metro-North violated their collective bargaining rights and that defendant unions, the Brotherhood of Locomotive Engineers and the United Transportation Union, breached their duty of fair representation under the RLA. Plaintiffs seek restoration of their names to the "Supplemental Order Selection List", damages, and attorney's fees.

The RLA is silent on whether a right to jury trial exists in duty of fair representation cases brought under its provisions. Grider v. Monin, 637 F.Supp. 324, 325 (M.D.Tenn.1986). When a statute is silent on the availability of a jury trial, the Supreme Court has adopted a three part test for determining whether there is a Seventh Amendment right to a jury trial. Under this test the court is to consider: the pre-merger custom with respect to the type of case at issue; the remedy sought; and the practical abilities and limitations of juries. Ross v. Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970).

The first part of the Ross test, determining the pre-merger custom in such cases, requires the Court to determine whether such cases were brought at law or in equi-

ty prior to the merger of law and equity courts. In this case, there was no pre-merger custom because the duty of fair representation was created by recent statute. However, in Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974), the Supreme Court held that "the Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in ordinary courts of law." Based on Curtis, a court in this district stated that "... the duty of fair representation is a legal duty created by statute, for enforcement of which an action lies in courts. In actions seeking to enforce statutory liabilities involving legal rights and remedies, the Supreme Court has said, there is a right to jury trial absent evidence of contrary congressional intent." Cook v. National Maritime Union, 617 F.Supp. 1052, 1053 (S.D. N.Y.1985). Thus, a duty of fair representation creates legal rights which are enforceable in ordinary courts of law.

Defendants, however, argue that a suit to enforce a duty of fair representation is not a suit at law but in equity. They rely on DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), in which the Supreme Court ruled that a federal six month statute of limitations, borrowed from the National Labor Relations Act, was more appropriate in duty of fair representation cases than a state statute of limitations. The defendants in this case, like the defendants in Quinn v. DiGuilian, 739 F.2d 637, 646 (D.C.Cir.1984), argue that such a borrowing conclusively demonstrates that the Supreme Court finds no common law correlation for duty of fair representation suits and thus there is no right to a jury trial. The court in Quinn, however, concluded that the issue of whether plaintiffs' claim was a suit at common law was not controlled by the Supreme Court decision on the particular statute of limitations applicable to such claims. Id. See also Grider, 637 F.Supp. at 326.

The second element of the Ross test is an analysis of the remedy sought by the com-

plaint. In this case, plaintiffs demand reinstatement to the "Supplemental Order Selection List", damages, and attorney's fees. Defendants argue that in similar circumstances in which plaintiffs have sought identical relief, courts have labelled the remedies sought by plaintiffs as equitable and have therefore stricken jury demands. *See, e.g., Spicher v. Wilson Foods Corp.,* 122 LRRM 3168, 3170 (C.D.Ill.1985) [Available on WESTLAW, DCT database]; *McIntyre v. United Steelworkers, Local 7555,* 120 LRRM 2911, 2912 (M.D.Fla.1985). In contrast, the court in *Grider* held that a right to jury trial is available to a plaintiff seeking both equitable and monetary relief for an alleged breach of the duty of fair representation brought under the RLA. 637 F.Supp. at 326. The *Grider* court followed the ruling in *Quinn* which permitted a jury trial on damage claims while reserving to itself the decision on equitable claims. *Quinn,* 739 F.2d at 646. This ruling relied on the decision in *Ross* which stated that "where equitable and legal claims are joined in the same action there is a right to a jury trial on the legal claims which must not be infringed by trying the legal issues as incidental to the equitable ones." 396 U.S. at 537–38, 90 S.Ct. at 737–38.

Finally, the third element of the *Ross* test is an analysis of the practical liabilities and limitations of juries. Defendants argue that the length of testimony and complexity of issues, including apportionment of liability, might be beyond the ability of the average juror to comprehend. It appears, however, that, with respect to damages, this case is no more complicated than the stockholders' derivative suit in *Ross,* which, according to the Supreme Court, was allowed to be tried to a jury. *Id.* at 542, 90 S.Ct. at 740.

This court concurs with *Cook* and thereby concludes that the duty of fair representation is simply a new cause of action at law, the breach of which gives rise to liability for any resulting damages. Furthermore, this court is persuaded by the reasoning in *Grider* and *Quinn* and concludes that plaintiffs' request for eq-

uitable relief in addition to damages does not extinguish the right to a jury trial on the damage claims. Thus, plaintiffs' damage claims will be tried to a jury, while the court reserves to itself the equitable claims.

SO ORDERED.